UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HENRY ALEXANDER LOWRY,                )
                                      )
      Petitioner,                    )
                                      )
v.                                    )    Cause No. 3:18-CV-400 RLM
                                      )
WARDEN,                               )
                                      )
      Respondent.                    )

## OPINION AND ORDER

Henry Alexander Lowry, a prisoner representing himself, filed a habeas corpus petition to challenge his 1981 conviction for double murder in Lake County Superior Court. After a jury trial, the Lake Superior Court sentenced Mr. Lowry to a total of 100 years' imprisonment. Mr. Lowry argues that: (1) he was denied effective assistance of counsel; and (2) the trial court violated his due process right by denying an expert witness the opportunity to testify.

The statute of limitations for habeas corpus cases is articulated in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the

1

> Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Mr. Lowry alleges that his habeas petition is timely under 28 U.S.C. § 2244(d)(1)(B) because the state provided him with ineffective counsel at trial. He doesn't explain how that ineffective assistance of counsel prevented him from filing an otherwise timely habeas petition in federal court.

Mr. Lowry also alleges that his habeas petition is timely under 28 U.S.C. § 2244(d)(1)(C) based on Brown v. Brown, 847 F.3d 502 (7th Cir. 2017), *cert. denied,* 137 S.Ct. 1547 (April 16, 2018). In Brown, the court of appeals held that the Martinez-Trevino doctrine applied to post-conviction relief proceedings under Indiana law. *Id.* at 512-513. In other words, the court of appeals held that, for Indiana prisoners, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was

2

ineffective." Id. at 509. Section 2244(d)(1)(C) doesn't apply to Brown because no new constitutional right was recognized in Brown and because Brown was decided by the court of appeals rather than the Supreme Court. The Supreme Court decided Martinez v. Ryan, 566 U.S. 1 (2012) and Trevino v. Thaler, 569 U.S. 413 (2013), but their holdings constitute "equitable rulings" rather the recognition of a constitutional right. Martinez v. Ryan, 566 U.S. at 16. Mr. Lowry doesn't say his petition is timely based on a recently discovered factual predicate. Only 28 U.S.C. § 2244(d)(1)(A) might apply to his claims.

Under 28 U.S.C. § 2244(d)(1)(A), the one-year period of limitation began on the day judgment became final upon the expiration of the time for seeking direct review of his conviction and sentence. The Indiana Supreme Court affirmed Mr. Lowry's conviction on direct appeal on October 27, 1982. Lowry v. Indiana, 440 N.E.2d 1123 (Ind. 1982). This time limit for filing habeas corpus petitions was enacted into law on April 24, 1996. Because Mr. Lowry's conviction became final before that date, his conviction became final for the purposes of section 2244(d)(1)(A) on April 24, 1996. Newell v. Hanks, 283 F.3d 827, 832 (7th Cir. 2002). The deadline expired one year later, on April 24, 1997. This habeas corpus petition, signed May 24, 2018, is more than 21 years late.

Mr. Lowry subsequently filed other challenges to his conviction in state court, but those filings neither restarted the federal limitations period nor "open[ed] a new window for federal collateral review." De Jesus v. Acevedo, 567

3

F.3d 941, 943 (7th Cir. 2009). Mr. Lowry's petition is untimely and must be dismissed.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. Slack v. McDaniel, 529 U.S. 473, 484-485 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* As already explained, this petition is untimely. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For these reasons, the court:

(1) DISMISSES the petition pursuant to Habeas Corpus Rule 4 because it is untimely;

(2) DENIES a certificate of appealability; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on June 8, 2018

    /s/ Robert L. Miller, Jr.
Judge
United States District Court